AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 23-6585-PMH |
| JAMELL MISSICK | ) |
| a/k/a Jamal Missick, | ) |
|  | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **December 7, 2023,** in the county of **Broward** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Illegal Reentry |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Kevin Perlow, Special Agent HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Civ. P. 4.1.

Date:  12/08/2023

_____
*Judge's signature*

City and state:  Fort Lauderdale, Florida

U.S. Magistrate Judge Patrick M. Hunt
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Kevin Perlow, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI), and have served since April 24, 2023. I have completed certifications through the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the HSI Special Agent Training Program. I am trained in immigration law, customs law, maritime law, constitutional law procedures, investigations into terrorism, financial crimes, child exploitation, electronic surveillance, undercover operations, firearms handling, emergency vehicle operations, and integrity awareness, among other matters. Prior to becoming an HSI Special Agent, I served for four years as a Deputy Sheriff with the Beaufort County Sheriff's Office in South Carolina. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I make this Affidavit in support of a criminal complaint charging JAMELL MISSICK, a/k/a Jamal Missick ("MISSICK") with illegal reentry, in violation of Title 8, United States Code, Section 1326(a).

3. The information contained in this Affidavit is based on my personal knowledge, as well as information relayed to me by other law enforcement officials involved in this investigation. I have not included in this affidavit each and every fact known to me about this investigation. Rather, I have included only the facts that are sufficient to establish probable cause to arrest MISSICK for the violation described above.

## PROBABLE CAUSE

4. On December 7, 2023, at approximately 1330 hours, "Jaden Penn" provided a Georgia Driver's License to Security staff at the entrance to Port Everglades in the 700-block of Spangler Blvd. in the City of Fort Lauderdale while operating as the sole occupant of a dark brown Honda Civic (Florida registration 497QKH). After being instructed to yield to the side of the point of entry for further inspection, the driver proceeded to continue onto Port grounds without stopping at the instructed location; the driver abandoned his Georgia Driver's License and other paperwork with the guard still at the entry gate.

5. Law enforcement then conducted a traffic stop on the grounds of Port Everglades. Following the traffic stop, the driver was taken into custody without incident and later determined to have the true identity of MISSICK by Customs and Border Patrol Officers after conducting biometrics. A criminal database search revealed that MISSICK was wanted by the Commonwealth of the Bahamas for the rape of a minor and listed as a INTERPOL wanted fugitive.

6. During a search of the area around the vehicle, officers found a handgun along the path MISSICK traveled and near his vehicle. After a search incident to arrest, an inventory of the vehicle yielded approximately 19.7 grams of a white, rock-like substance which field tested positive for crack-cocaine. The crack-cocaine was hidden in the gas cap with additional small plastic bags.

7. Further investigation revealed that MISSICK applied for admission to the United States as a visitor on both August 2, 2008, and April 26, 2019, and was denied both times. MISSICK did not present agents with either a valid passport or a valid

permanent resident identification card.

## CONCLUSION

Based on the above information, I respectfully submit that probable cause exists to charge that MISSICK, having previously been denied entry into the United States, was found to be in the United States knowingly and unlawfully, without the consent of the Attorney General of the United States or their successor, the Secretary of Homeland Security.

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

_____
SPECIAL AGENT KEVIN PERLOW
HOMELAND SECURITY
INVESTIGATIONS

Subscribed and sworn before me in accordance
with the requirements of Fed. R. Crim. P. 4.1
on this _8th_ day of December 2023.

_____
HONORABLE PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE